UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Mark F. Medeiros,<br><br>  Plaintiff,<br><br>  v.<br><br>Bank of America Corporation,<br>Bank of America, N.A., and FIA<br>Card Services, N.A.,<br><br>  Defendants. | C.A. No. 09-107 S |

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Plaintiff's Motion to Vacate the Order of Magistrate Judge Almond, granting Defendants' Motion to Set Aside the Entry of Default. Plaintiff commenced this action on March 13, 2009. After Defendants failed to file an answer or otherwise move in response to the complaint within twenty days, the clerk entered a certification of default against Defendants. (Entry of Default (Doc. 5).) Plaintiff then moved pursuant to Fed. R. Civ. P. 55(b) for entry of default judgment. Subsequently, on April 29, this Court entered a default judgment against Defendants. (Default J. (Doc. 6).) On that same day, however, Defendants moved pursuant to Fed. R. Civ. P. 55(c) to set aside the clerk's entry of default. This motion did not address the Court's entry of default judgment.

On May 12, Magistrate Judge Almond took up the issues relating to the motion to set aside the entry of default, and granted the motion by text order. (Text Order (May 13, 2009).) This ruling did not address this Court's default judgment, which remains in effect.

Plaintiff now seeks to vacate the Magistrate Judge's order. Plaintiff's motion, however, was filed on June 22, forty days after the Magistrate Judge issued his text order. A party may only serve and file objections to such an order within ten days after being served with a copy of it. Fed. R. Civ. P. 72(a). Because Plaintiff's current objection was filed more than ten days after his receipt of the order, it is untimely, and therefore denied.

However, what still remains is the Court's default judgment against Defendants. Magistrate Judge Almond's granting of the motion to set aside the entry of default does not set aside the default judgment against Defendants for $80,410. See Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir. 2004) (discussing different standards for setting aside a default judgment as compared to an entry of default); United States v. $23,000 in United States Currency, 356 F.3d 157, 164 (1st Cir. 2004) (holding that a court can set aside a default judgment only in accordance with Rule 60(b)).

Defendants may only obtain relief from the judgment by filing a motion under Fed. R. Civ. P. 60(b). In light of the decision to

set aside the default, the Court now invites Defendants to file such a motion.

IT IS SO ORDERED:

_____
William E. Smith
United States District Judge
Date: 7/14/09