# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

MARK F. MEDEIROS, )
      Plaintiff )
)
v. ) C.A. No. 09-107-S-LDA
)
BANK OF AMERICA AKA FIA CARD )
SERVICES, N.A., )
      Defendant )

### PLAINTIFF'S AMENDED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STAY PROCEEDINGS

NOW COMES the Plaintiff, Mark F. Medeiros and hereby submits his amended Memorandum in support of his motion to Stay Proceedings.

According to 28 U.S.C. § 636(c):

*Notwithstanding any provision of law to the contrary -*

<u>Upon the consent of the parties</u>, *a full-time United States magistrate judge or a part-time United States magistrate judge who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate judge may exercise such jurisdiction, if such magistrate judge meets the bar membership requirements set forth in section 631(b)(1) and the chief judge of the district court certifies that a full-time magistrate judge is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, designation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.*

According to Federal Rules of Civil Procedure Rule 73: Magistrate Judges: Trial by Consent;

*(a) TRIAL BY CONSENT. When authorized under 28 U.S.C. § 636(c), a magistrate judge may, <u>if all parties consent</u>, conduct a civil action or proceeding, including a jury or nonjury trial. A record must be made in accordance with 28 U.S.C. § 636(c)(5).*

*(b) CONSENT PROCEDURE.*

*(1) In General. When a magistrate judge has been designated to conduct civil actions or proceedings, the clerk must give the parties written notice of their opportunity to consent under 28 U.S.C. § 636(c). To signify their consent, the parties must jointly or separately file a statement consenting to the referral. A district judge or magistrate judge may be informed of a party's response to the clerk's notice only if all parties have consented to the referral.*

*(2) Reminding the Parties About Consenting. A district judge, magistrate judge, or other court official may remind the parties of the magistrate judge's availability, but must also advise them that they are free to withhold consent without adverse substantive consequences.*

*(3) Vacating a Referral. On its own for good cause — or when a party shows extraordinary circumstances — the district judge may vacate a referral to a magistrate judge under this rule.*

*(c) APPEALING A JUDGMENT. In accordance with 28 U.S.C. § 636(c)(3), an appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment.*

According to the Local Rule of Cv 73: CONSENT TO ORDER OF REFERENCE:

*(a) Trial by Magistrate Judge. A full-time or recalled magistrate judge may conduct a jury or non-jury trial in a civil case if all parties consent and the district judge to whom the case has been assigned approves.*

*(b) Notification of Option to Consent.*

*(1) When a civil action or notice of removal is filed, the Clerk, with the permission of the district judge to whom the case is assigned, shall give written notice to the parties of the option to consent to a trial before, or other disposition of the case by, a magistrate judge and shall provide the parties with a consent form. The notice shall inform the parties that they are free to withhold consent without adverse consequences; that the form is to be returned to the Clerk only if all parties consent; and that if all parties consent, the executed form must be returned within thirty (30) days.*

*(2) At any time thereafter, the district judge to whom the case has been assigned may again authorize the Clerk to advise the parties of their opportunity to consent to a trial before, or other disposition of the case by, a magistrate judge, in which case the Clerk shall send a similar notice to the parties.*

*(3) A district judge or magistrate judge shall not be informed of a party's response to the Clerk's notification unless all parties have consented to a trial before a magistrate judge.*

Local Rule Cv 73 (b)(1) states, "When a civil action or notice of removal is filed, the Clerk, with the permission of the district judge to whom the case is assigned, shall give written notice to the parties of the option to consent to a trial before, **or other disposition of the case** by, a magistrate judge and shall provide the parties with a consent form."

However, the Federal Rules of Civil Procedure 73(b)(1) states that, "When a magistrate judge has been designated **to conduct civil actions or proceedings, the clerk must give the parties written notice of their opportunity to consent under 28 U.S.C. § 636(c).**" The clerk **is not required** by this statute to get the permission of the district judge to whom the case is assigned in order to give the parties written notice of their opportunity to consent under 28 U.S.C. § 636(c).

The Federal Rules of Civil Procedure 73 take precedent over Local Rule Cv 73. The Defendant stated in its objection pleading that they would not consent to a Trial by a Magistrate- Judge. Therefore, both the Plaintiff and Defendant agree that they were not given written notice of their opportunity to consent under 28 U.S.C. § 636(c) and a consent form by the Clerk of the Court and that if they had received written notice of their option to consent along with a consent form they would have rejected the option to consent. Therefore, both the Plaintiff and the Defendant have apparently been denied due process of law by the Court or the Clerk of the Court and this case should be remanded back to the default judgment.

Therefore, Plaintiff's Motion to Stay Proceedings should stand as a matter of law.

Respectfully submitted this 30th day of October 2009,

*/s/ Mark F. Medeiros*
Mark F. Medeiros, Plaintiff
464 Eaton St.
Providence, RI 02908
(401) 273-9199

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing PLAINTIFF'S AMENDED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S TO MOTION TO STAY PROCEEDINGS was mailed, postage prepaid this 30th day of October 2009, to the following:

Lauren F. Verni
Steven E. Snow
Partridge, Snow & Hahn, LLP
180 South Main St.
Providence, RI 02903


*/s/ Mark F. Medeiros*
Mark F. Medeiros