# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARK F. MEDEIROS, <br>             Plaintiff <br><br> v. <br><br> BANK OF AMERICA AKA FIA CARD <br> SERVICES, N.A., <br>             Defendant | C.A. No. 09-107-S-LDA |

## MOTION TO AMEND ANSWER

The Defendant, FIA Card Services, N.A. ("FIA") pursuant to Federal Rule of Civil Procedure Rule 15(a), hereby moves this Honorable Court for permission to amend its Answer to the Complaint to, inter alia, assert a counterclaim against Plaintiff.

IN SUPPORT THEREOF, Defendant submits this memorandum of law incorporated herein by reference and attached hereto.

WHEREFORE, Defendant, FIA moves that this Court allow its motion to amend its answer as set forth in its proposed Defendants' Amended Answer and Counterclaim to the Complaint, incorporated herein by reference and attached hereto as Exhibit 1.

FIA CARD SERVICES, N.A.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP


/s/ Steven E. Snow _____
Steven E. Snow (#1774)
Lauren F. Verni (#6831)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED:  December 1, 2009

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MOTION TO AMEND ANSWER was filed with the Clerk of the United States District Court for the District of Rhode Island this 1st day of December, 2009 and is available for viewing and downloading to ECF registered counsel of record and was sent by mailed, postage prepaid to the following:

Mark F. Medeiros
464 Eaton Street
Providence, RI 02908


/s/ Steven E. Snow _____

2

8981:2\1086878.1

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

MARK F. MEDEIROS,
                Plaintiff

v.

BANK OF AMERICA AKA FIA CARD
SERVICES, N.A.,
                Defendant

C.A. No. 09-107-S-LDA

## AMENDED ANSWER OF FIA CARD SERVICES, N.A. TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant, FIA Card Services, N.A., a wholly owned subsidiary of Bank of America Corporation, (improperly named as "Bank of America AKA FIA Card Services, N.A." in Plaintiff's Complaint), hereby responds as follows to Plaintiff, Mark F. Medeiros' (the "Plaintiff") Complaint:

## PLAINTIFF'S STATEMENT OF CLAIM

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the Plaintiff's Complaint and therefore leaves Plaintiff to his proof.  To the extent that Plaintiff alleges any wrongdoing by Defendant, Defendant denies the same.  The second sentence of Paragraph 1 of the Plaintiff's Complaint is a legal conclusion to which no response is required.  Moreover, 15 U.S.C. § 1681, *et seq.* speaks for itself and is the best evidence of the terms thereof.  The third sentence of Paragraph 1 of the Plaintiff's Complaint is a legal conclusion to which no response is required.  Moreover, the Fair Credit Report Act speaks for itself and is the best evidence of the terms thereof.  Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in the fourth sentence of Paragraph 1 of the Plaintiff's Complaint and therefore leaves Plaintiff to his proof thereon.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth sentence of Paragraph 1 of the Plaintiff's Complaint and therefore leaves Plaintiff to his proof thereon.  The last sentence of Paragraph 1 of the Plaintiff's Complaint is a legal conclusion to which no response is required.  Moreover, 15 U.S.C. § 1681, *et seq.* speaks for itself and is the best evidence of the terms thereof.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Complaint and therefore leaves Plaintiff to his proof.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint and therefore leaves Plaintiff to his proof.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint and therefore leaves Plaintiff to his proof.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and therefore leaves Plaintiff to his proof.

6.      The first sentence of Paragraph 6 contains a legal conclusion to which no response is required.  Otherwise, Defendant denies the allegations of Paragraph 6 of the Complaint.

**COUNT I**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

7.      Defendant restates and realleges paragraphs 1 through 6 as if more fully stated herein.

8.      Paragraph 8 of the Plaintiff's Complaint is a legal conclusion to which no response is required.  Moreover, 15 U.S.C. § 1681, *et seq.* speaks for itself and is the best evidence of the terms thereof.  Defendant denies that any of the claims are properly raised against Defendant.

9.      Denied.

10.      Paragraph 10 of the Plaintiff's Complaint is a legal conclusion to which no response is required.  Moreover, 15 U.S.C. § 1681, *et seq.* speaks for itself and is the best evidence of the terms thereof.  Defendant denies that any of the claims are properly raised against Defendant.

11.      Denied.

WHEREFORE, FIA Card Services, N.A prays that this Honorable Court deny the relief requested by Plaintiff, dismiss the Complaint, award it its fees and costs and grant other and further relief as is just and proper.

**COUNT 2**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

12.      Defendant restates and realleges paragraphs 1 through 11 as if more fully stated herein.

13.      Paragraph 13 of the Plaintiff's Complaint is a legal conclusion to which no response is required.  Moreover, 15 U.S.C. § 1681, *et seq.* speaks for itself and is the best

3

evidence of the terms thereof.  Defendant denies that any of the claims are properly raised against Defendant.

14.     Paragraph 14 of the Complaint sets forth no facts to which a response is required but, to the extent a response is required, the allegations are denied.

15.     Defendant restates and realleges paragraphs 1 through 14 as if more fully stated herein.

16.     Defendant lacks sufficient information to form a belied as to the truth of the matters asserted in Paragraph 16.

17.     Denied.

18.     Paragraph 18 of the Plaintiff's Complaint is a legal conclusion to which no response is required.  Moreover, 15 U.S.C. § 1681, *et seq.* speaks for itself and is the best evidence of the terms thereof.  Defendant denies that any of the claims are properly raised against Defendant.

19.     Defendant lacks sufficient information to form a belief as to the truth of the matters asserted in Paragraph 19.

20.     Paragraph 20 of the Plaintiff's Complaint is a legal conclusion to which no response is required.  Moreover, 15 U.S.C. § 1681, *et seq.* speaks for itself and is the best evidence of the terms thereof.  Defendant denies that any of the claims are properly raised against Defendant.

21.     Defendant lacks sufficient information to form a belief as to the truth of the matters asserted in Paragraph 21.

22.     Paragraph 22 of the Complaint sets forth no facts to which a response is required but, to the extent a response is required, the allegations are denied.

23.    Denied.

24.    Denied.

WHEREFORE, FIA Card Services, N.A. prays that this Honorable Court deny the relief requested by Plaintiff, dismiss the Complaint, award it its fees and costs and grant other and further relief as is just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against FIA Card Services, N.A.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages, which Defendant denies, his claims to relief are barred because such damages are a result of the conduct of another or others for whom Defendant is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

FIA Card Services, N.A. is not liable for any claims by Plaintiff because FIA Card Services, N.A. conduct at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

WHEREFORE, FIA Card Services, N.A. prays that this Honorable Court deny the relief requested by Plaintiff, dismiss the Complaint, award it its fees and costs and grant other and further relief as is just and proper.

5

## COUNTERCLAIM

1.      Plaintiff-in-Counterclaim, FIA Card Services, N.A. f/k/a MBNA America Bank, N.A. ("FIA") is a national bank with a place of business located at 1100 North King Street, Wilmington, Delaware.

2.      Upon information and belief, Mark F. Medeiros ("Medeiros" or "Defendant-in-Counterclaim") is an individual residing at 464 Eaton Street, Providence, Rhode Island.

3.      In an action brought in the Rhode Island Superior Court, Providence County, entitled MBNA America Bank, N.A. v. Mark F. Medeiros, identified as Civil Action No. 06-5315, the Plaintiff-in-Counterclaim obtained a Judgment against Medeiros in the amount of $10,383.03, together with statutory interest and court costs.

4.      Judgment was entered on January 16, 2007.  A copy of said Judgment is attached hereto as Exhibit A and is incorporated herein by reference.

5.      In an action brought in the Rhode Island Superior Court, Providence County, entitled MBNA America Bank, N.A. v. Mark F. Medeiros, identified as Civil Action No. 06-5762, the Plaintiff-in-Counterclaim obtained a Judgment against Medeiros in the amount of $3,029.65, together with statutory interest and court costs.

6.      Judgment was entered on January 24, 2007.  A copy of said Judgment is attached hereto as Exhibit B and is incorporated herein by reference.

7.      MBNA America Bank, N.A. was renamed to FLA Card Services, N.A. on or about June 10, 2006.

WHEREFORE, Plaintiff-in-Counterclaim, requests that the Judgments entered in the Rhode Island Superior Court be recognized as conclusive between the parties thereto in

accordance with R.I.G.L. §§ 9-1-17, 9-25-1 et seq. and 9-26-1 et seq. and that the Judgments be entered in favor of FIA, in the amounts of $10,383.03 and $3,029.65, together with statutory interest, costs and reasonable attorneys fees, respectively

FIA CARD SERVICES, N.A.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Lauren F. Verni (#6831)
Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED:  December __, 2009

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing AMENDED ANSWER was filed with the Clerk of the United States District Court for the District of Rhode Island this ___ day of December, 2009 and is available for viewing and downloading to ECF registered counsel of record and was sent by prepaid first class mail to the following:

Mark F. Medeiros
464 Eaton Street
Providence, RI 02908

8981:2\1092510.1

7

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

MARK F. MEDEIROS,
        Plaintiff

v.

BANK OF AMERICA AKA FIA CARD
SERVICES, N.A.,
        Defendant

C.A. No. 09-107-S-LDA

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO AMEND ANSWER

### INTRODUCTION

Defendant, FIA Card Services, N.A. ("FIA") requests that this Court permit FIA to amend its Answer to the Complaint pursuant to Federal Rule of Civil Procedure Rule 15(a), hereby moves this Honorable Court for leave to amend its Answer to the Complaint to, inter alia, assert a counterclaim against Plaintiff to enforcement judgments obtained by FIA f/k/a MBNA America, Inc. in the Rhode Island Superior Court against Plaintiff.

### STANDARD OF REVIEW

The power of the Court to allow amendment of pleadings is very broad and such leave shall be freely given where justice so requires. Fed. R. Civ. P. 15 (a). The reasons for denying a motion to amend include undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, and imminent trial. Pendley v. Komori Printing, 1990 U.S. Dist. LEXIS 1800, *6 (quoting from Forman v. Davis, 371 U.S. 178, 182 (1962)). In this case, none of those bases apply and leave should be granted.

### FACTS

1.     Plaintiff's Complaint was filed on or about March 13, 2009.

2.  The Answer was filed on May 28, 2009.

3.  This case has undergone limited discovery to date.

4.  Pursuant to the Pretrial Order, this case has not yet been scheduled for trial.

## I. THE AMENDMENT OF THE ANSWER WILL NOT UNDULY PREJUDICE PLAINTIFF

### A. This Motion Is Not The Product of Undue Delay

This action in this Court has only been pending for seven months. The case is not yet scheduled for trial and discovery is still open. Moreover, after the Answer is amended, Plaintiff will have more than enough time to conduct discovery. Discovery is scheduled to close on December 24, 2009. As such, an undue delay argument is without basis. However, even if deemed to be delayed, mere delay alone is usually insufficient unless accompanied by some other factor such as imminence of trial. This case has not yet been scheduled for trial. In other words, the delay must be prejudicial to the Plaintiff. Here, there exists no factor of potential prejudice which would give rise to a denial of FIA's motion before the Court. Plaintiff will not be hampered in litigating his case on the merits at trial.

### B. Trial Is Not Imminent

FIA's motion in no way comes on the imminence of trial. The pretrial memoranda are due to be filed by January 15, 2010, if no dispositive motions are filed by the parties. Therefore, Plaintiff cannot rely on this basis as a reason to deny this motion.

### C. There Being No Bad Faith Or Dilatory Motive, The Motion Should Be Allowed

There are no facts or circumstances that even in a light most favorable to Plaintiff, could remotely imply any bad faith or dilatory tactics. Rather, FIA submits that it is

2

simply seeking to assert its rights to assert a permissible counterclaim against Plaintiff to

enforcement judgments already obtained by FIA f/k/a MBNA America, Inc. against him in the

Rhode Island Superior Court.  Furthermore, FIA wishes to have those counterclaims resolved in

this suit on the merits, as even if there is violation of the Fair Credit Reporting Act found against

FIA, it would be set-off against those judgments.  The Motion has been brought in a timely

manner before any trial date has been scheduled and while discovery is still open and will be for

the next month.

**CONCLUSION**

For the reasons set forth herein, FIA Motion to Amend its Answer to the

Complaint should be allowed as a matter of law.

FIA CARD SERVICES, N.A.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP


/s/ Steven E. Snow
Steven E. Snow (#1774)
Lauren F. Verni (#6831)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED:  December 1, 2009

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MOTION TO AMEND ANSWER

was filed with the Clerk of the United States District Court for the District of Rhode Island this

1st day of December, 2009 and is available for viewing and downloading to ECF registered

counsel of record and was sent by mailed, postage prepaid to the following:


Mark F. Medeiros
464 Eaton Street
Providence, RI 02908


/s/ Steven E. Snow_____

4

# EXHIBIT A

STATE OF RHODE ISLAND
PROVIDENCE,S.C.

SUPERIOR COURT

MBNA AMERICA BANK, N.A.       )
                              )
        VS.                   )    C.A. NO. 06-5315
                              )
MARK F MEDEIROS               )
                              )

JUDGMENT

It is hereby ordered that after hearing it is hereby ordered that Plaintiff's
Motion to Confirm is hereby granted and that judgment enter for the Plaintiff and
against the Defendant in the amount of $ 10383.03 *plus statutory interest & costs.*

Order entered on _____ by the Honorable _____

ENTER:                              PER ORDER:

By:_____             By:_____
         1.16.2007                   ASST   1.16.09
                                     CLERK

PRESENTED BY:

_____
Charles M. Vacca, Jr., Esq. #4262
Wolpoff & Abramson, L.L.P.
Attorneys in the Practice of Debt Collection
One Cumberland Plaza
Woonsocket, RI 02895
Telephone: 866-386-3427
PLAINTIFF'S COUNSEL

RIJUDG/RISOAR   W&A FILE NO. 148140121          148140121

# EXHIBIT B

STATE OF RHODE ISLAND
PROVIDENCE,S.C.

SUPERIOR COURT

MBNA AMERICA BANK, N.A.

      VS.

MARK F MEDEIROS

)
)
)
)
)
)
)
)

C.A. NO. *PM 06-5762*

JUDGMENT

    It is hereby ordered that after hearing it is hereby ordered that Plaintiff's
Motion to Confirm is hereby granted and that judgment enter for the Plaintiff and
against the Defendant in the amount of $ 3029.65 *plus interest & costs*

    Order entered on *1/24/87* by the Honorable *Indeglia*

ENTER:

By: _____

    *1-24-2007*

PRESENTED BY:

PER ORDER:

By: _____
    *Clerk*

Charles M. Vacca, Jr., Esq. #4262
Wolpoff & Abramson, L.L.P.
Attorneys in the Practice of Debt Collection
One Cumberland Plaza
Woonsocket, RI 02895
Telephone:  866-386-3427
PLAINTIFF'S COUNSEL

RIJUDG/RISOAR   W&A FILE NO. 148140801

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

2007 JAN 24  A 10: 21

148140801